**Gregory Dennis NEELEY, Petitioner,**

v.

**Melvin L. CASEY, et al., Defendants.**

**No. C3–82–054.**

United States District Court,
S.D. Ohio, W.D.

Dec. 18, 1985.

Steven M. Cox, Dayton, Ohio, for petitioner.

Richard David Drake, Asst. Atty. Gen., Columbus, Ohio, for defendant, State of Ohio.

Kenneth R. Pohlman, Asst. Pros. Atty., Dayton, Ohio, for defendant, Melvin L. Casey.

## DECISION AND ENTRY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS; STAY VACATED; TERMINATION ENTRY

RICE, District Judge.

Petitioner is before the Court on his Petition for Writ of Habeas Corpus (Doc. # 1), arguing that the sentence imposed upon him by the Common Pleas Court of Montgomery County, Ohio, Judge John M. Meagher presiding, violated the Cruel and Unusual Punishment Clause of the Eighth Amendment. *See* Entry Requesting Respondent to File Supplemental Return of Writ Within 30 Days (Doc. # 7). Petitioner was convicted, upon a plea of no contest, of one count of aggravated trafficking in drugs and one count of trafficking in drugs. He was sentenced to concurrent terms of eighteen months to two years, including eighteen months of "actual incarceration" under Ohio Revised Code §§ 2925.03(C)(4) and 2925.01(D), and six months to five years, including six months of "actual incarceration" under Ohio Revised Code §§ 2925.03(D)(3) and 2925.01(D). Because the Court, for the reasons set forth below, finds that these sentences do not violate the Eighth Amendment's prohibition of Cruel and Unusual Punishment, or Petitioner's due process or equal protection rights, the Petition for Writ of Habeas Corpus is hereby dismissed and the Court's Order Staying Execution of the Sentence (Doc. # 3) is vacated.

In *Solem v. Helm*, the Supreme Court held that the Cruel and Unusual Punishment Clause of the Eighth Amendment imposes a requirement of proportionality on felony imprisonment sentences:

In sum, we hold as a matter of principle that a criminal sentence must be proportionate to the crime for which the defendant has been convicted. Reviewing courts, of course, should grant substantial deference to the broad authority that legislatures necessarily possess in determining the types and limits of punishments for crimes, as well as to the discretion that trial courts possess in sentencing convicted criminals. But no penalty is *per se* constitutional. As the Court noted in *Robinson v. California*, 370 U.S. [660], at 667, [82 S.Ct. 147, at 1421, 8 L.Ed.2d 758 (1962)] a single day in prison may be unconstitutional in some circumstances.

463 U.S. 277, 290, 103 S.Ct. 3001, 3009–10, 77 L.Ed.2d 637 (1983) (footnote omitted). The Court further held that a court's analysis of proportionality "should be guided by objective criteria; including (i) the gravity of the crime and the harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for commission of the same crime in other jurisdictions." *Id.* at 292, 103 S.Ct. at 3011. However, the district court's reviewing role in a habeas action, sitting as an "appellate" court, is limited:

Absent specific authority, it is not the role of an appellate court to substitute its judgment for that of the sentencing court as to the appropriateness of a particular sentence; rather, in applying the Eighth Amendment the appellate court decides only whether the sentence under review is within constitutional limits. In view of the substantial deference that must be accorded legislatures and sentencing courts, a reviewing court rarely will be required to engage in extended analysis to determine that a sentence is not constitutionally disappropriate.

*Id.* at 290, n. 16, 103 S.Ct. at 3009–10, n. 16.

The Court's analysis of the proportionality of Mr. Neeley's sentence here begins with the third prong of the test articulated in *Solem v. Helm:* a comparison with sentences imposed for the same crime in other

jurisdictions. For purposes of this analysis, the Court will accept as true Petitioner's contention that "said sentence was imposed for the offenses of possessing less than 360 grams of methaqualone and less than 360 grams of librium [and] that he has no prior criminal record...." Memorandum in Support of Petition for Writ of Habeas Corpus (Doc. #6) at 2. However, the Court notes that O.R.C. § 2925.03, under which the Petitioner was convicted, implies from possession of the requisite amount that one is trafficking in that drug.

The Court's examination of the statutory penalties for possession with intent to distribute methaqualone in other jurisdictions indicates that Ohio's statutory penalty, as applied to Mr. Neeley, is not disproportionate. Under Federal law, possession with intent to distribute is punishable by imprisonment of no more than fifteen years. *See* 21 U.S.C. § 841(b)(1)(B) (1982); *see also* 21 C.F.R. § 1308.12(e) (1985) (classifying methaqualone as a Schedule I drug). In Indiana, the statute imposes a jail sentence of from one to four years, *see* Ind.Code §§ 35–48–4–7 and 35–50–2–7 (1976), in Kentucky, one to five years, *see* Ky.Rev.Stat. Ann. § 218A.990(2)(a) (1984); 901 Ky.Admin.Reg. 1:020(1) (1975) (methaqualone a Schedule II substance), in Michigan up to seven years, *see* Mich.Comp. Laws Ann. §§ 333.7214(d) § .7401(2)(b) (1967), and in California, two to ten years, *see* Cal. Health & Safety Code § 11378(a) (1979). Each of these statutes provides for sentences in the same range as that Mr. Neeley received. Even the mandatory eighteen month element in Mr. Neeley's sentence is not unique. *See, e.g.,* Cal. Health and Safety Code § 11378(a) (two years mandatory). Thus, the third prong of the *Solem* test does not support Mr. Neeley's Petition.

The second prong of this test, comparison of Mr. Neeley's sentence with other Ohio offenses receiving the same sentences, also fails to support the Petition. Petitioner was convicted of a felony of the third degree. *See* O.R.C. § 1925.03(C)(4). Other felonies of the third degree in Ohio include safecraking, O.R.C. § 2911.31; theft of a motor vehicle, O.R.C. § 2913.-02(B); receiving a stolen motor vehicle, O.R.C. § 2913.51(B); bribery, O.R.C. § 2921.02; perjury, O.R.C. § 2921.11; tampering with evidence, O.R.C. § 2921.13; and impersonating an officer with an intent to commit a crime, O.R.C. § 2921.51. Given this range of non-violent crimes classed as felonies of the third degree, the Court cannot find it unreasonable to classify drug trafficking, such as Petitioner was convicted of, as a third degree felony.

Finally, the first prong of the *Solem* test also supports the Court's conclusion that Petitioner's sentence does not violate the Cruel and Unusual Punishment Clause of the Eighth Amendment. This prong requires the Court to consider gravity of the crime as against the harshness of the penalty. Of course, any prison sentence is a harsh penalty. However, in comparison with the life sentence without possibility of parole in *Solem v. Helms,* 463 U.S. at 282–83, 103 S.Ct. at 3005–06, the present sentence is light. Even the mandatory nature of the sentence does not appear harsh when compared with sentences the Supreme Court has held were not disproportionate. *See, e.g., Hutto v. Davis,* 454 U.S. 370, 102 S.Ct. 703, 70 L.Ed.2d 556 (1982) (40 year sentence for distribution for a small amount of marijuana). The Court also notes that Judge Meagher allowed Petitioner to serve his sentences concurrently rather than consecutively. *See* Petition (Doc. #1) at 1. Further supporting the Court's conclusion that Petitioner's sentence is not disproportionately harsh is the serious nature of this offense. As Respondent points out, "Society has an overriding interest in deterring drug trafficking...." Doc. #9 at 3. For these reasons, the Court finds that the Ohio Legislature was not constitutionally prohibited from imposing an eighteen month mandatory sentence for possession of the quantity of controlled substances Petitioner admitted.

Petitioner also claims that the substances he was convicted of possessing, methaqualone and librium (chordiazepoxide), "have been unreasonably and arbitrarily classified for criminal punishment purposes."

Memorandum in Support of Petition for Writ of Habeas Corpus (Doc. # 6) at 3–4. The Court disagrees. "Legislatures have wide discretion in attacking social ills. 'A State may direct its law against what it deems evil as it actually exists without covering the whole range of possible abuses, and it may do so nonetheless [despite the fact] that the forbidden act does not differ in kind from those that are allowed.'" *National Organization for Reform of Marijuana Laws v. Bell*, 488 F.Supp. 123, 137 (D.D.C.1980) (quoting *Hughes v. Superior Court*, 339 U.S. 460, 468, 70 S.Ct. 718, 723, 94 L.Ed. 985 (1950)). *See also Vance v. Bradley*, 440 U.S. 93, 111, 99 S.Ct. 939, 949–50, 59 L.Ed.2d 171 (1979) ("In an equal protection case of this type . . ., those challenging the legislative judgment must convince the court that the legislative facts on which the classification is apparently based *could not reasonably be conceived to be true* by the governmental decisionmaker." (emphasis added)). The Court finds that Petitioner could not possibly meet this burden of proof, and thus rejects his claim that this statute denies him due process or equal protection of the law.

Therefore, the Petition for Writ of Habeas Corpus is dismissed and the stay order by the Court vacated.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.